UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DANIEL D. VENEROSA,

       Petitioner,

  -against-                                        04-CV-0889
                                                                           (LEK)

UNITED STATES OF AMERICA,

       Respondent.

_____

**DECISION AND ORDER**

I. Background

In the instant case, the petitioner Daniel Venerosa ("Petitioner" or "Venerosa") was indicted on sixty-three counts, consisting of one count of criminal enticement under 18 U.S.C. § 2422(b), fifty-one counts for receiving child pornography under 18 U.S.C. § 2252A(b)(1), and eleven counts for possession of child pornography under 18 U.S.C. § 2252(a)(5)(B). If convicted of one count under 18 U.S.C. § 2422(b) or 18 U.S.C. § 2252A(b)(1), Venerosa could have been subject to a maximum of fifteen years in prison. On May 9, 2003, Venerosa pled guilty to one count of possession under 18 U.S.C. § 2252(a)(5)(B). Under the terms of the plea agreement, Venerosa expressly waived his right to appeal. On October 22, 2003, Venerosa was sentenced by this Court to sixty months in prison.

Subsequently, Venerosa filed this motion to vacate pursuant to 28 U.S.C. § 2255 alleging that his trial counsel was ineffective because the plea agreement included a waiver of the right to

appeal, which prevented Petitioner from appealing his sentence in light of Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), which Petitioner contends rendered his sentence improper.  Pet. Memo. (Dkt. No. 1) at 8-12.

## II. Discussion

### Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must meet a two part test: (1) defense counsel's performance was deficient, and (2) that this deficiency prejudiced the petitioner's defense.  United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668 (1984)).  To meet the first part, the court must determine if the defense counsel's performance was reasonable under the circumstances.  Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000).  There is a strong presumption that counsel's conduct at trial was reasonable.  Kiesser v. New York, 56 F.3d 16, 18 (2d Cir. 1995); see also Strickland, 466 U.S. at 689.  To meet the second part of the test, it must be determined if there is a reasonable probability that the outcome of the proceeding would have been different if counsel's challenged conduct had been different.  McKee v. United States, 167 F.3d 103, 106 (2d Cir. 1999).

Venerosa contends that defense counsel was ineffective in failing to object to the waiver of his right to appeal contained in the plea agreement which barred a challenge of his sentence.  Pet. Memo. (Dkt. No. 1) at 7.  Venerosa asserts that his sentence was excessive in light of Apprendi and Blakely and that defense counsel's failure to object prejudiced him in that he could not appeal his sentence.

In Apprendi, the Supreme Court held that the sentencing judge improperly increased the

defendant's sentence an additional ten years beyond the plea agreement upon a judicial finding that the crime committed constituted a hate crime. Apprendi, 530 U.S. at 468-69. The Supreme Court ruled that "any fact that increases the penalty for a crime beyond [] the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Subsequent to the entrance of Venerosa's sentence, the Supreme Court ruled in Blakely that the enhancement of a sentence based upon a judicial finding of "deliberate cruelty" constituted an improper increase of the sentence because the facts in support of the finding were not admitted to by the petitioner. Blakely, 542 U.S. at 296. Subsequent to Venerosa's filing of his § 2255 petition, the Supreme Court ruled in United States v. Booker that the principle in Blakely is applicable to the Federal Sentencing Guidelines. United States v. Booker, 125 S. Ct. 738, 746 (2005). However, the Second Circuit has made it clear that both Blakely and Booker are not retroactive and are therefore unavailable to a petitioner on collateral attack. See Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005).

  Both Blakely and Booker were decided many months after Venerosa was sentenced and do not create a ground of relief for Petitioner. Apprendi had been decided prior to Venerosa's sentencing, but the holding in Apprendi is not relevant to the instant case. In the instant case, the maximum sentence for one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), the count to which Petitioner pled guilty to, is sixty months; the exact sentence that this Court entered. The defense counsel did in fact dispute the Government's calculations for the offense under the Federal Sentence Guidelines at the time the plea was entered. However, the judicial findings that led to the additional increases under the Sentencing Guidelines did not

enhance the sentence beyond the prescribed statutory maximum and therefore did not violate Apprendi.  In consequence, Petitioner fails to demonstrate that the sentence was excessive as alleged.  As a result, Petitioner has failed to demonstrate the defense counsel's performance was deficient.  Moreover, Petitioner fails to demonstrate that there is a reasonable probability that the outcome of the proceeding would have been different if defense counsel's challenged conduct had been different.

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED, that Petitioner's application for a writ of habeas corpus is **DENIED**; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.

DATED:       November 15, 2005
             Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge